STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, as Agent for the State Treasurer of the State of North Dakota, and C. A. Fisher as State Treasurer of the State of North Dakota, as Trustee for the State of North Dakota, Appellants, v. S. A. OLSNESS, Commissioner of Insurance of the State of North Dakota, Respondent.

(215 N. W. 145.)

**Insurance — hail insurance — land must be listed.**
    1. The insurance provided for by the state hail insurance law, §§ 189b1-

189b30, Supplement to the 1913 Compiled Laws, does not apply automatically to insure all growing crops, and unless the land upon which there are growing crops is listed pursuant to the requirements of the statute, there is no indemnity against loss by hail. Bossen v. Olsness, 48 N. D. 68.

**Insurance — hail insurance — tax not effective.**

2. One who enters and occupies land adversely to the owner cannot by listing the land under the provisions of the state hail insurance law effect insurance on the crops planted thereon by him.

Opinion filed August 20, 1927.

Hail Insurance, 29 C. J. § 2 p. 205 n. 3.

Appeal from the District Court of Burleigh County, *Jansonius, J.*

Petition for mandamus. From an order sustaining a demurrer to the petition and granting a motion to quash the alternative writ, the plaintiff appeals.

Affirmed.

*P. H. Butler,* for appellants.

*George Shafer,* Attorney General, and *John Thorpe,* Assistant Attorney General, for respondent.

NUESSLE, J. This case involves the State Hail Insurance Law, §§ 189b1–189b30, Supplement to the 1913 Compiled Laws. The appeal is from an order of the district court of Burleigh county sustaining the defendant's demurrer to a petition for a writ of mandamus.

The petition for the writ recites that Margel owned a quarter section of land in Stark county. He mortgaged this to the Bank of North Dakota. The mortgage was assigned to the state treasurer as trustee for the state of North Dakota. Margel defaulted in his payments and the mortgage was foreclosed by advertisement and sold at foreclosure sale to the trustee on July 19, 1924. No redemption was made from the sale and deed was issued to the trustee on August 19, 1925. Margel abandoned the premises on March 1, 1925. The trustee took possession and leased the premises to Biel for the season of 1925. Biel farmed the land under this lease. On May 15th, Biel, as tenant, made the crop affidavit for hail insurance as required by § 189b11. In this affidavit he recited that Margel owned the premises and that he was

the tenant. No withdrawal affidavit was filed. On July 26th the crop was destroyed by hail. The defendant adjusted the loss. Thereafter Biel assigned his claim to the plaintiff. The plaintiff demanded that the adjustment be certified to the state auditor and state treasurer and the claim paid in the regular course of business, but the defendant, the hail insurance commissioner, refused to certify the same. Whereupon the plaintiff brought this proceeding to compel him to do so. The district court issued an alternative writ. The defendant demurred to the petition and moved to quash the writ. The demurrer was sustained and the motion granted. Plaintiff appeals.

The insurance provided for by the hail insurance law does not apply automatically to insure all growing crops. Bossen v. Olsness, 48 N. D. 68, 182 N. W. 1013; Davis v. McLean County, 52 N. D. 857, 204 N. W. 459. The law operates to insure, only: (1) Where the crop is listed by the assessor and not withdrawn by the owner of the land; (2) Where (the assessor having failed to list it) it is listed by the owner or tenant, or their agents; (3) Where the owner, occupant or tenant makes application for additional indemnity. Davis v. McLean County, supra. Unless the land is listed there is no indemnity against loss by hail. Bossen v. Olsness, supra; Brown v. Nelson, 50 N. D. 589, 197 N. W. 223.

In the instant case plaintiff was a mortgagee in possession. This possession was adverse to Margel. Biel was plaintiff's tenant, not Margel's. The land was listed for insurance by Biel. The assessor did not list it in the absence of the owner or tenant as the law contemplated that he might do. Margel did not list it. Margel was not a party to Biel's occupancy. So far as he was concerned Biel was a trespasser. So there was no listing by one who might lawfully list the land. Therefore there was no indemnity contract under the terms of the law. This was the situation on July 19th when the plaintiff became the owner of the land under its foreclosure. The fact that the deed was not issued until August 19th can make no difference. The plaintiff was entitled to deed on July 19th. When the plaintiff became the owner of the land the crop was no longer subject to insurance, for the insurance covers only crops on land subject to tax, and the land was not subject to tax under the provisions of § 176 of the Constitution of the state of North Dakota. See State ex rel. Holter v. State Hail

Dept. ante, 38, 212 N. W. 513; State v. Burleigh County, ante, 1, 212 N. W. 217. Therefore there was at no time prior to July 19, 1925, any contract of insurance because the land had not been listed so as to effect it. After July 19, 1925, insurance could not be effected because while owned by the state the land was not subject to the terms of the law.

The order of the district court was right and must be and is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, BURKE, and BURR, JJ., concur.